*385 CYR, Senior Circuit Judge,
concurring.
Although I agree that the grant of summary judgment must be upheld, I write separately because the discussion in the majority opinion regarding whether the district court improperly predicated its decision on the legal principle that Johnson’s termination by Hannaford permanently severed his entitlement to back pay is an academic exercise wholly unnecessary to the disposition of the appeal. Even if it were to be assumed that this principle constituted an implicit rationale upon which the district court relied — which I seriously doubt — its adoption plainly did not constitute outcome-determinative error. Rather, just as the Rule 56 proffer made by Johnson (viz., the Ananis deposition) was not sufficient to prove that SPM caused the misconduct that led to his termination by Hannaford, so too it logically could not constitute evidence that SPM caused Johnson’s full disability. Thus, as Johnson was required to bear the burden of proof on causation, SPM was entitled to summary judgment under either legal theory.